_____ [Space Above This Line For Recording Data] _____

L786B

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 22nd day of August, 2011, between Laverne Brown ("Borrower") and Seterus, Inc. ("Servicer"), and Mortgage Electronic Registration Systems, Inc. ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated June 22, 2007 and recorded in Book or Liber 11535, at page(s) 188, Instrument Number , of the BURLINGTON COUNTY, NJ Records of Burlington County and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

36 Beaverdale Ln, Willingboro, NJ 08046,

the real property described being set forth as follows:

Property Legal Description - See Attached Exhibit A

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of September 1, 2011, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $126,071.28, consisting of the unpaid amount(s) loaned to Borrower by Servicer plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Servicer. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5%, from August 1, 2011. Borrower promises to make monthly payments of principal and interest of U.S. $607.91, beginning on the 1st day of September, 2011, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 5% will remain in effect until principal and interest are paid in full. If on August 1, 2051 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Servicer's prior written consent, Servicer may require immediate payment in full of all sums secured by the Security Instrument. If Servicer exercises this option, Servicer shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179  1/01 (rev. 01/09)    (page 1 of 3)

must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Servicer's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Servicer is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Servicer.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Servicer in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be

secured by the Security Instrument, unless stipulated otherwise by Servicer.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Servicer, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_____N/A_____ (Seal)
-Servicer

By: _____

_____Laverne Brown_____ (Seal) X
-Borrower

_____N/A_____ (Seal)
-Borrower

_____ [Space Below This Line For Acknowledgments] _____

[Notary signature]

[Notary seal:]
SHANICE DIONNE LEWIS
Notary Public
State of New Jersey
My Commission Expires Jul 22, 2013

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179  1/01 (rev. 01/09)  (page 3 of 3)

## ACKNOWLEDGEMENT

State of __New Jersey__

County of __Burlington__

On __August 31st, 2011__ before me, __Shanice D. Lewis__ personally appeared __Laverne Thomas Brown__ _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

[Notary Seal: SHANICE DIONNE LEWIS, Notary Public, State of New Jersey, My Commission Expires Jul 22, 2013]

RE: Laverne Brown
9141420
L786 - Fannie Mae & Seterus, Inc. Modifications

F028B

# Exhibit A

ALL that certain Lot, parcel or tract of land, situate and lying in the Township of Willingboro, County of Burlington, State of New Jersey, and being more particularly described in accordance with a Survey by Donovan Surveyors, dated June 13, 2007:
BEGINNING at a point in the Northeasterly line of Beaverdale Lane, (50 feet wide), and corner to Lot 12 on plan hereinafter mentioned, said point being a distance of 401.65 feet measured Southeasterly along the tangent curve of the Northeasterly line of Beaverdale Lane from the Southeasterly line of Brunswick Lane, (50 feet wide); thence
(1) Along the line of Lot 12 and being perpendicular to the last aforementioned Course, North 44 degrees 30 minutes 00 seconds East, a distance of 100.00 feet to a point in the line of Lot 20 and the Southwesterly side of a 10 foot wide Sanitary Sewer Easement; thence
(2) Partly along the line of Lot 20 and partly along the line of Lot 21 and along the Southwesterly line of a 10 foot wide Sanitary Sewer Easement, South 45 degrees 30 minutes 00 seconds East, a distance of 65.00 feet to a point corner to Lot 10; thence
(3) Along the line of Lot 10 and perpendicular to the last aforementioned course, along a bearing of South 44 degrees 30 minutes 00 seconds West, a distance of 100.00 feet to a point in the Northeasterly line of Beaverdale Lane; thence
(4) Along the Northeasterly line of Beaverdale Lane and being perpendicular to the last aforementioned course, North 45 degrees 30 minutes 00 seconds West, a distance of 65.00 feet to a point corner to Lot 12 and point and place of BEGINNING.
FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 11 in Block 225 on the Township of Willingboro Tax Map.

Also Known As: 36 Beaverdale Ln, Willingboro, NJ 08046

9141420 Laverne Brown

F037A

L789B

_____[Space Above This Line for Recording Data]_____

# ESCROW AGREEMENT

This Escrow Agreement ("Agreement"), made on August 22, 2011 between Laverne Brown ("Borrower") and Seterus, Inc. is entered into in connection with Borrower's promissory note dated June 22, 2007 ("Note"), and the Loan Modification Agreement dated August 22, 2011 between the parties ("Modification Agreement"), which is secured by the following real property ("Property").

36 Beaverdale Ln
Willingboro, NJ 08046

For valuable consideration, the parties agree as follows:

1. In addition to the monthly payment that Borrower is required to pay under the Modification Agreement, Borrower agrees to pay Seterus, Inc. a monthly escrow payment in the amount of $515.30 for deposit into an escrow account for necessary payments to be made by Seterus, Inc., including but not limited to, payments for property taxes and insurance. As permitted by the Real Estate Settlement Procedures Act and other applicable law, Seterus, Inc. may adjust the amount of the Escrow Payment. After notice of such adjustment, Borrower shall pay the adjusted Escrow Payment.

2. Each Escrow Payment shall be due on the same day of the month as the monthly payment due under the Modification, commencing September 1, 2011.

3. In the event Escrow Payments are not made and Seterus, Inc. advances its own funds to make payments that should have been paid from Borrower's escrow account, such amounts will be added to Borrower's loan obligation under the Note.

4. Any failure to make an Escrow Payment when due shall be deemed to be a default under the Note and Modification Agreement and upon Borrower's failure to pay the Escrow Payment, Seterus, Inc. may exercise its rights under the Note and Modification Agreement.

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179   1/01 (rev. 01/09)   (page 1 of 2)

5. Unless an agreement is made in writing or applicable law requires interest to be paid on the escrow account payments held by Seterus, Inc., Seterus, Inc. shall not be required to pay any interest or earnings on the payments held.

Seterus, Inc.

By: _N/A_

_[signature]_ X
Borrower

_N/A_
Borrower

_____ [Space Below This Line For Acknowledgments] _[signature]_

**SHANICE DIONNE LEWIS**
Notary Public
State of New Jersey
My Commission Expires Jul 22, 2013

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179    1/01 (rev. 01/09)    (page 2 of 2)

## ACKNOWLEDGEMENT

State of _New Jersey_

County of _Burlington_

On _August 31st, 2011_ before me, _Shanice D. Lewis_ personally appeared _Laverne Thomas Brown_, _Daly_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

[Notary Seal: SHANICE DIONNE LEWIS, Notary Public, State of New Jersey, My Commission Expires Jul 22, 2013]

RE: Laverne Brown
    9141420
    L789 - Escrow Agreements

F028B